UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| SEAN CONWAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No: 13-07-GFVT |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

"[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists. . . , and if jurisdiction is lacking, dismissal is mandatory." *Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 890 (6th Cir.1998) (internal citations omitted); Fed.R.Civ.P. 12(h)(3). "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *United States v. Yeager*, 303 F.3d 661, 664 (6th Cir. 2002) (quoting *Steel Co. v. Citizens For A Better Env't,* 523 U.S. 83, 94-95 (1998)).  This matter is before the Court on the Motion to Dismiss for lack of subject matter jurisdiction filed by Defendant Portfolio Recovery Associates, LLC.  [R. 35.]  Although the parties have several other motions currently pending before the Court, because of the supreme importance of ensuring that the Court has subject matter jurisdiction at all stages of litigation, the Court must resolve jurisdictional questions before addressing any of the parties' other pending motions.

**I**

The relevant facts in this case are fairly simple. Plaintiff Sean Conway had a credit card account with Capital One Bank, N.A. (Capital One), but stopped making his payments on the credit card in early 2008. Defendant Portfolio Recovery Associates, LLC (PRA) subsequently purchased Conway's account from Capital One, and in March 2012 filed suit against Conway in Shelby District Court of Shelby County, Kentucky, seeking to collect on the alleged credit card debt. [R. 1 at 2.] Several months later, the parties jointly stipulated to the dismissal of the case in Shelby District Court. Conway then filed a putative class action suit against PRA in this Court, alleging that PRA had violated the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq*. by bringing the collection suit in Shelby District Court outside of the applicable statute of limitations. The Court later denied PRA's motion to dismiss Conway's claims pursuant to Fed. R. Civ. P. 12(b)(6), finding that because Virginia's statute of limitations applied, Conway had at least stated a plausible claim sufficient to meet the requisite standard under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[1] [R. 16 at 19.]

PRA subsequently filed another motion to dismiss, this time contending that the Court lacked subject matter jurisdiction. [R. 35.] Specifically, PRA pointed out that on July 23, 2014, Conway filed his Federal Rule 26 disclosures, which requires Conway to identify each category of damages he claims to have sustained, and to include a computation of each category identified. Fed. R. Civ. P. 26(a)(1)(A)(iii). Conway's Rule 26 disclosure stated that he claimed "statutory damages of $1,000.00 under 15 U.S.C. §1692k." [R. 35-2 at 3.] In addition to the statutory damages, the disclosure further stated that:

---

[1] PRA has since filed a Motion for Reconsideration based on additional facts that were not previously made available to the Court concerning the locations where Conway's credit card payments were due. [R. 33.] As will be further explained within this Order, the instant challenge to the Court's subject matter jurisdiction [R. 35], however, takes precedence over the issues raised in the motion to reconsider.

2

> Plaintiff has actual damages in the form of legal fees and costs in defending the underlying state-court action. Plaintiff also has the right [to] recover his reasonable attorney's fees and costs under 15 U.S.C. § 1692k. These damages are ongoing and continuing.[2]

[R. 35-2 at 3.] On September 3, 2014, PRA made a Rule 68 Offer of Judgment, offering to allow judgment to be taken against it and in favor of Conway, and offering Conway the amount of $1,501.00 on his individual statutory claims in addition to the actual costs, litigation expenses, and attorney's fees incurred by Conway in the related state court action in Shelby County as well as reasonable costs, litigation expenses, and attorney's fees incurred in the present federal action. [R. 35-3.] The offer remained open until September 17, 2014, but Conway did not accept the offer, and PRA filed the instant motion on September 26, 2014 seeking to dismiss the case for lack of subject matter jurisdiction. In its motion, PRA contends that because its Rule 68 Offer of Judgment offered Conway all the relief he sought, and even more, the offer renders Conway's claims moot, and therefore the case should be dismissed for lack of subject matter jurisdiction. [R. 35 at 3.] A few weeks later, Conway requested and received an extension of time in which to respond to PRA's motion. [R. 38.] On the newly extended deadline, October 30, 2014, Conway filed his response to PRA's motion, and on the same day[3] he also filed a motion for class certification, well over a month after the Rule 68 Offer expired. [R. 40.] Conway does not dispute that PRA's offer gives him all the relief he seeks, but he contends that dismissal is inappropriate in the context of moving for class certification.

---

[2] "In considering a Rule 12(b)(1) motion, we may look beyond the jurisdictional allegations in the complaint and consider submitted evidence." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). Accordingly, in considering the instant motion, the Court may look to Conway's disclosures and to PRA's offer of judgment without needing to convert the motion to one for summary judgment.

[3] Conway's response to PRA's motion to dismiss for lack of subject matter jurisdiction states that he filed the motion for class certification "[p]rior to" filing the response [R. 41 at 2], but both documents are time stamped for the same day, October 30, 2014, which was also past the original deadline for responding.

3

**II**

**A**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Courts, however, still have an independent and ongoing obligation to confirm that subject matter jurisdiction exists, even if neither party challenges it. *Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006); *see also Campanella v. Commerce Exch. Bank,* 137 F.3d 885, 890 (6th Cir.1998) (noting that "it is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists"). Moreover, because subject matter jurisdiction "involves a court's power to hear a case, [it] can never be forfeited or waived." *Arbaugh*, 546 U.S. at 514 (quoting *United States v. Cotton,* 535 U.S. 625, 630 (2002)) (internal quotation marks omitted). Whenever "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id*. (citing J. Moore et al., Moore's Federal Practice § 106.66[1] (3d ed. 2005)). "In considering a Rule 12(b)(1) motion, we may look beyond the jurisdictional allegations in the complaint and consider submitted evidence." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). "The plaintiff bears the burden of establishing that jurisdiction exists." *Id.* (citing *Nichols v. Muskingum Coll*., 318 F.3d 674, 677 (6th Cir. 2003)).

"'Article III of the United States Constitution limits the jurisdiction of federal courts to 'cases' and 'controversies,' U.S. Const. Art. III, § 2, cl. 1, 'a cradle-to-grave requirement' that must be satisfied at the time a plaintiff first brings suit and that must remain satisfied throughout the life of the case." *Hrivnak v. NCO Portfolio Mgmt., Inc*., 719 F.3d 564, 566-67 (6th Cir. 2013) (quoting *Fialka–Feldman v. Oakland Univ. Bd. of Tr.,* 639 F.3d 711, 713 (6th Cir.2011)).

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012) (quoting *Simon v. E. Ky. Welfare Rights Org.,* 426 U.S. 26, 37 (1976)) (internal quotation marks omitted).  "The mootness doctrine is a critical component of this jurisdictional limitation. It 'requires that there be a live case or controversy at the time that a federal court decides the case.'"  *Green Party of Tennessee v. Hargett*, 700 F.3d 816, 822 (6th Cir. 2012) (quoting *Burke v. Barnes,* 479 U.S. 361, 363(1987)).

PRA's instant motion to dismiss contests the Court's jurisdiction, contending that its Rule 68 offer of judgment renders the instant suit moot because there is no longer a case or controversy before the Court.  Accordingly, the Court must address this question before it can consider any of the other pending motions, including PRA's motion to reconsider.

**B**

Here, PRA submitted a Rule 68 Offer of Judgment which more than satisfies the relief Conway requests.  Thus, PRA contends that the offer eliminates the existence of a case or controversy, and that because Conway no longer has an interest in the instant suit, the case is moot and must be dismissed.  Conway does not deny that PRA made such an offer, nor does he dispute that the offer of judgment fully satisfies all his claims in this case.  Accordingly, there is no dispute here that PRA's Rule 68 Offer satisfies all of Conway's claims or that the offer in question represents the maximum recovery to which Conway would be entitled under the statute, and even offers him beyond that amount.  Conway's only argument in opposition to PRA's motion is that even when an offer of judgment fully satisfies a plaintiff's claims, it is improper for a court to dismiss the case as moot when a motion for class certification is pending.  [R. 41 at 2-3.]  Conway's stated concern is that dismissing a case for mootness when class certification is

5

pending allows defendants to avoid the consequences of Rule 23 class action suits by simply paying a small amount to the named plaintiff. [*Id*. at 3.]

In a recent case involving a similar question about the effect of a Rule 68 offer of judgment in a collective action suit, the Supreme Court reiterated the time-honored principle that to fulfill his burden of establishing federal-court jurisdiction, "a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake,' in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting other cases). "This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes. . . ." *Id*. In *Genesis Healthcare*, the Court relied on principles of mootness to affirm the district court's dismissal of the action for lack of subject matter jurisdiction because the defendant's Rule 68 offer of judgment completely resolved the plaintiff's claims. *Id*. at 1529. When no other claimant had opted in, the Court found that "respondent's suit became moot when her individual claim became moot, because she lacked any personal interest in representing others in [the] action." *Id*. According to the Court, "the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied." *Id*.

Subsequent courts applying this logic have pointed out that the Supreme Court specifically noted that *Genesis Healthcare* was decided in the context of a collective action suit brought under the FLSA, which is a different context from a typical Rule 23 class action suit. *See id*. at 1529. However, other courts within the Sixth Circuit continue to apply *Genesis Healthcare*'s explication of the mootness doctrine even in the context of putative class action suits such as Conway's.[4] *See, e.g.*, *Mey v. North American Bancard, LLC*, No. 14-CV-11331,

---

[4] The Court notes that Conway has not addressed the *Genesis Healthcare* case at all, nor has he sought to distinguish his case from the other cases within this Circuit discussed herein that continue to rely on *Genesis Healthcare* along

2014 WL 6686773, *1-2 (E.D. Mich. Nov. 26, 2014) (noting that FLSA collective actions are different from Rule 23 putative class actions, but then using *Genesis Healthcare* and Sixth Circuit caselaw in applying similar principles to Rule 23 actions); *Hanover Grove Consumer Housing Cooperative v. Berkadia Commercial Mortgage, LLC*, 2014 WL 354674, *4-5 (E.D. Mich. Jan. 31, 2014) (discussing *Genesis Healthcare*'s reasoning and noting that the Sixth Circuit has clearly ruled on the same issue in the context of Rule 23 class actions). Accordingly, a brief review of the relevant Sixth Circuit caselaw on this issue is necessary.

In *Brunet v. City of Columbus*, the Sixth Circuit held that "[s]ettlement of a plaintiff's claims moots an action." 1 F.3d 390, 399 (6th Cir. 1993) (citations omitted). In the context of a Rule 23 class action, after the class is already certified, the named plaintiff's claim becoming moot does not moot the entire action, but "[w]here, on the other hand, the named plaintiff's claim becomes moot *before* certification, dismissal of the action is required." *Id*. at 399 (emphasis in original); *see also Mey*, 2014 WL 6686773, at *2 (relying on *Brunet*, 1 F.3d at 399 to reach the same conclusion). The Sixth Circuit again followed this logic in *O'Brien v. Donelly Enters., Inc.*, where, as with Conway, the defendant made a Rule 68 offer of judgment which the plaintiff did not accept before the offer expired. 575 F.3d 567 (6th Cir. 2009). Even there, the Sixth Circuit maintained that an offer of judgment that satisfies a named plaintiff's entire demand, even though unaccepted, moots the case. *Id*. at 574.

Here, Conway filed a motion to certify the class long after PRA made an offer of judgment that fully satisfied his claims, and thus the motion for certification was not pending at the time Conway's claims became moot. Conway, however, correctly points out that on the

---

with other Sixth Circuit precedent even in the context of Rule 23 actions. Conway also has not pointed to any other Supreme Court precedent that applies the reasoning in *Genesis Healthcare* differently to Rule 23 actions.

question of a Rule 68 offer in the context of a class action suit, some[5] circuits follow the view that as long as a plaintiff has not been dilatory in seeking class certification the named plaintiff may still move for class certification and thus avoid mootness even after a Rule 68 offer of complete relief has been made. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-96 (7th Cir. 2011) (explaining the split in the approach on this issue and rejecting the minority position based on the belief that allowing the plaintiff to continue in federal court and seek certification after an offer of judgment has already mooted the case "defies the limits on federal jurisdiction expressed in Article III"). In *O'Brien*, discussed above, the Sixth Circuit considered the Seventh Circuit's approach to the issue and specifically stated:

> We agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand moots the case. . . . We disagree, however, with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand. . . . Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, . . . following the lead of district courts in the Second Circuit.

*O'Brien*, 575 F.3d at 575 (citations omitted) (citing *Greisz v. Household Bank (Illinois), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999)).

Even more recently, the Sixth Circuit considered a case where, as with Conway's case, the plaintiff filed a putative class action suit under the FDCPA, the defendants made a Rule 68 offer before any potential class had been certified, and the plaintiff responded by moving to strike the offer or, in the alternative, for class certification. *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 565-66 (6th Cir. 2013). The court did not use this case as an opportunity to

---

[5] Conway's response indicates that "most" courts endorse this view [R. 41 at 3], but it appears that only a minority of circuits follow this approach. To the extent that Conway means to argue that most courts hold that settlement offers do not moot suits where the plaintiff has not been dilatory in bringing a class certification motion, that issue is addressed below. The Court also notes that Conway's response repeatedly ignores the important distinction that PRA made its offer of judgment at a time when no motion for certification was pending and nearly two months before such a motion was filed – a distinction that renders several cases he references inapplicable to his situation.

8

adopt the minority approach, or to alter the approach taken thus far by courts within the Sixth and Seventh Circuits, but instead focused its analysis on the fact that the defendants' offer of judgment failed to satisfy all the named plaintiff's individual demands, and accordingly denied the defendants' motion to dismiss. *Id*. at 567-68. According to the court, "[t]o moot a case or controversy between opposing parties, an offer of judgment must give the plaintiff *everything* he has asked for as an individual." *Id*. at 567 (emphasis in original). Moreover, the Rule 68 offer itself is not necessarily what makes the case moot, but rather "mootness occurs only when the offer is accepted or the defendant indeed offers to provide every form of individual relief the claimant seeks in the complaint." *Id*. at 568. Such reasoning implies that had the offer fully satisfied the plaintiff's demands, the suit would likely have been dismissed as moot. *Id*. Here, Conway does not dispute that PRA's offer of judgment would provide every form of relief he seeks, and thus the reasoning in *Hrivnak* would support the conclusion that PRA's offer renders Conway's case moot.

     Other courts within this Circuit continue to follow the approach outlined above and to rely on the same Sixth Circuit cases discussed herein to dismiss actions as moot where offers of judgment that satisfy all of the plaintiff's demands are made before a class is certified. *See, e.g., Tallon v. Lloyd & McDaniel, et al.*, 497 F. Supp. 2d 847, 852-53 (W.D. Ky. 2007) (relying on the Sixth Circuit's reasoning in *Brunet* when dismissing the claims of a named plaintiff and the entire putative class action suit brought under the FDCPA because defendants' Rule 68 offer of judgment that fully satisfied all requested relief mooted plaintiff's claims before a class was certified); *Hanover Grove Consumer Housing Cooperative*, 2014 WL 354674 at *5-6 (determining it was obligated to dismiss the case "[b]ased on the precedent" of *Brunet*, *O'Brien,* and logic similarly outlined herein because defendant's Rule 68 offer of judgment satisfied all of

9

plaintiff's individually requested relief thereby mooting his claims before any motion to certify a class had been filed and before any other parties joined plaintiff's suit); *Mey*, 2014 WL 6686773, at *2-3 (finding the court "is bound by" the rulings in *Genesis Healthcare*, *O'Brien*, and *Brunet* to dismiss the class action case when defendant's Rule 68 offer of judgment was made prior to discovery and full briefing on a motion to certify the class). In contrast, Conway has not pointed to any cases within this Circuit that have declined to follow this approach.[6] Instead, Conway primarily relies on cases from within other circuits that take the minority approach, but he does not present a plausible argument for why this Court should ignore Sixth Circuit precedent and follow the reasoning of courts in other circuits.[7] [R. 41 at 3.]

Although Conway also attempts to rely on *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620 (6th Cir. 2005), as have several other plaintiffs in similarly situated cases, the situation in *Carroll* is distinguishable. In *Carroll*, as in Conway's case, the named plaintiffs filed a putative class action suit against a debt collector alleging violations of the FDCPA in the fall of 1999. *Carroll*, 399 F.3d at 622. In April of 2000, the named plaintiffs filed a motion for class certification, which was referred to a magistrate judge who then issued a report and recommendation in November of 2002 recommending that the district court certify the class. *Id*. Three months later, in 2003, the defendants made a Rule 68 offer of judgment to both the named plaintiffs and to the putative class that equaled or exceeded the requested recovery. *Id*. Eight days after making the offer, but before the named plaintiffs accepted, the defendants moved to

---

[6] Although Conway's response cites to *Brunet*, he neglects to mention that the court in *Brunet* specifically distinguished between situations where a Rule 68 offer is made *after* a class is certified or *after* a motion to certify is already pending, and situations like that of Conway's where the plaintiff's claim is mooted *before* the filing of a motion for class certification. *See Brunet*, 1 F.3d at 400-01.

[7] The supplemental authority Conway offers is from the Eleventh Circuit. [R. 51.] Even if the Eleventh Circuit chooses to alter its approach on this issue, Conway points to no case within the Sixth Circuit indicating that the Sixth Circuit has done likewise or is likely to do so in the near future.

10

dismiss the case as moot. *Id*. at 623. The court looked to its holding in *Brunet*, emphasizing that *Brunet* distinguished between cases where the offer moots the claims before a motion for class certification is filed, and settlement offers made afterward. *Id*. at 624-25. Even though the class had not yet been fully certified, the court in *Carroll* concluded that the district court properly denied the motion to dismiss because the motion for certification had been filed and fully briefed *before* any Rule 68 offer was made, the magistrate judge had fully considered and issued a recommendation on granting certification, and the offer of judgment was made to the class members as well as the named plaintiffs. *Id*. at 625. The court emphasized that *"[u]nder these circumstances"* denying the motion to dismiss was "wholly consistent with the position taken by this court in *Brunet*." *Id*. (emphasis added). Thus, the court did not extend its holding in *Carroll* to cases such as Conway's where a Rule 68 offer is made before the filing of a motion for certification, nor did the Court speculate as to how its opinion might be applied in different circumstances. Therefore, the outcome in *Carroll* is inapplicable to Conway's situation where almost the opposite set of circumstances occurred. *See Mey*, 2014 WL 6686773, at *2-3 (addressing almost the same argument presented by Conway concerning the *Carroll* case, and dismissing the suit after distinguishing *Carroll* in a similar manner as discussed above).

In Conway's case, the motion to certify was not filed until over eighteen months after Conway filed his complaint, and only after the offer of judgment had already been made and expired. The offer of judgment preceded any motions or briefing related to certifying the class, and thus the motion for certification could not be considered to be "pending" until long after PRA made its Rule 68 offer. PRA only made its offer to Conway, not to the putative class members, and Conway rejected the offer. Conway's claims, therefore, became moot on September 3, 2014, when PRA made its Rule 68 offer, which was almost two months before any

11

motion for class certification was filed. Accordingly, based on the precedent discussed above, the Court must dismiss Conway's case.

Finally, Conway's stated concern about allowing defendants in putative class actions to avoid the consequences of Rule 23 by offering to pay only a small amount to settle their claims with named plaintiffs [R. 41 at 3] has been adequately addressed by other cases discussed above. For example, in *Brunet*, the court found that such concerns are "limited to" situations where the motion for certification is already pending and "has been pursued with reasonable diligence," but specifically distinguished such a situation from that in which the Rule 68 offer is made *before* the plaintiff moves for certification. *Brunet*, 1 F.3d at 400; *see also Tallon*, 497 F. Supp. 2d at 852. Here, Conway's case was pending before this Court for over eighteen months before any motion for class certification was filed, and Conway only filed the motion to certify after PRA's offer of judgment had lapsed and PRA had filed the instant motion to dismiss for lack of subject matter jurisdiction. Under such circumstances, it would not appear that the potential exception in *Brunet* would apply. In *Tallon*, the district court noted that although the dismissal of the putative class action is "cutting off potential relief for potential class members," it is only doing so "temporarily" because "these persons are not foreclosed from relief altogether: they can file lawsuits themselves to recover their statutory damages." *Tallon*, 497 F. Supp. 2d at 853. Accordingly, dismissing the case

> will not operate to estop other potential class members from seeking relief for their proven damages. Furthermore, it does not appear that Defendants have rushed to "cut off" the named plaintiff's claims in hopes of thwarting a class action. On the contrary, Defendants made a good-faith offer of judgment within a reasonable period of time which fully satisfies Plaintiff's claims. Further litigation of Plaintiff's FDCPA claim would be pointless and only work to accumulate further attorneys' fees for no good reason. The doctrine of mootness operates to close this claim.

*Id*. at 853. Similarly, Conway's concerns about dismissing the instant case are unfounded. The other potential plaintiffs can file their own suits. Additionally, the Court further notes that Conway's own rights will be adequately protected in this situation by following the approach laid out in *O'Brien*, where the Sixth Circuit cautioned that the case should not simply be dismissed, but that judgment should also be entered in favor of the plaintiffs in accordance with the Rule 68 offer. *O'Brien*, 575 F.3d at 574-75.

### III

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle,* 7 Wall. 506, 514, 19 L. Ed. 264 (1868)) (internal quotation marks omitted). Based on the above analysis, the Court finds that PRA's Rule 68 offer of judgment rendered Conway's claims moot, and because the Court now lacks jurisdiction, it must dismiss the case and enter judgment in favor of Conway in accordance with the Rule 68 offer of judgment.[8] *See O'Brien*, 575 F.3d at 575; *Tallon*, 497 F. Sup. 2d at 853-54; *Hanover Grove Consumer Housing Cooperative*, 2014 WL 354674, at *7. The Court also notes, however, that PRA's Offer of Judgment [R. 35-3] included "reasonable" costs and attorney's fees incurred in the instant action. Because the Court finds that any such costs incurred *after* the Rule 68 offer of judgment was made and the case was effectively mooted would be per se *unreasonable* for PRA to pay, Conway's recovery of reasonable costs and attorney's fees in the present action shall be limited to the date the Rule 68 Offer was made.

---

[8] Although the teaching of the Sixth Circuit seems clear that in a situation such as this, the Court should enter judgment in accordance with the Defendant's Rule 68 Offer, *see O'Brien*, 575 F.3d at 575, the Court notes that it appears counter-intuitive to simultaneously find that the Court lacks jurisdiction in this case and then order a final judgment in favor of the plaintiff.

Additionally, because jurisdiction is lacking, the Court need not, and indeed cannot, further address the arguments raised in the parties' other motions currently pending before the Court, and those motions will be dismissed as moot. Accordingly, and the Court being sufficiently advised, it is hereby ORDERED as follows:

1. Defendant PRA's Motion to Dismiss for Lack of Subject Matter Jurisdiction [**R. 35**] is **GRANTED**;

2. This matter is **DISMISSED WITHOUT PREJUDICE**;

3. A separate judgment will be entered in favor of Conway and against PRA consistent with PRA's Offer of Judgment [R. 35-3], and with reasonable costs and attorney's fees in the present action limited to those incurred up to and including the date the Offer was made;

4. Because PRA's offer of judgment effectively mooted Conway's claims, the parties' other pending motions [**R. 33, R. 40, R. 55**, and **R. 58**] are **DISMISSED AS MOOT**; and

5. All matters being settled, this case is **STRICKEN** from the active docket.

This 15th day of June, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge